[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a limited contested dissolution involving a 14 year old marriage which produced three minor children. Unfortunately, the financial situation of the parties is such that there is little likelihood that the court's orders and awards will result in any stability in a situation which has been marked by outbursts, acrimony, and on one occasion the actual hurling of furniture out of the premises.
The court finds the jurisdictional requirements have been met, that the marriage has broken down irretrievably and the marriage is therefore dissolved.
In fashioning the orders which follow, the court has considered the requirements of 46b-81 and 46b-82 of our statutes. Section 46b-84 (c) shall apply to the health insurance ordered.
The court must reject the defendant's proposal that the family residence be sold forthwith. The premises presently provide inexpensive housing for the family with a mortgage CT Page 3169 payment, including taxes, of about $240.00 a month. A rental unit produces income of $650.00 a month. In this area's housing market, the plaintiff wife and her three children would be hard pressed to find a comparable rent for three times the cost of the present unit.
The sole area of agreement in this case concerns custody and visitation. In accordance with the agreement of the parties, custody of the three minor children shall be joint, with physical possession in the plaintiff and reasonable visitation in the defendant father.
The defendant shall carry health insurance for the benefit of the three minor children with all uncovered and unreimbursed expenses shared equally by the parties.
Child support, pursuant to the support guidelines, is ordered at the rate of $213.33 per week or $71.11 per child.
Alimony is ordered at the rate of $25.00 per week. A wage execution is ordered to secure the support and alimony payments.
The plaintiff wife is awarded exclusive possession of the marital residence and the second floor premises at 23 Leete Street, West Haven. When the youngest child reaches the age of 18, the premises shall be sold and the plaintiff shall receive two-thirds of the net proceeds, and the defendant one-third. The plaintiff shall assume the mortgage on the premises and hold the defendant harmless as to the mortgage and taxes. She shall be responsible for all repairs and maintenance except that any expenditure in excess of $300.00 shall be apportioned between the parties, two-thirds and one-third, in accordance with their interest. The plaintiff is awarded the furniture and furnishings on the premises.
Should the plaintiff remarry or cohabit with another male, the premises shall be sold and the proceeds divided as stated above.
In view of the allocation of the proceeds of the sale of the house, the defendant shall retain as his own his pension plan with the City of West Haven.
The plaintiff shall have thirty (30) days from the date of the decision to remove his property from the premises.
The defendant shall be responsible for the debts owed to Sears, the Gas Company, and the West Haven Credit Union, while the plaintiff shall be responsible for the debts owed to Dr. Serow, SNET Co., and the Marine Bank, all as shown on their financial CT Page 3170 affidavits. Each party shall hold the other harmless on the debts assumed by him or her.
The court contemplates in these orders that the plaintiff will be securing additional employment.
ANTHONY V. DeMAYO, JUDGE